WALTER S. TUCKER ET AL. V. EDWARD H. CANNON.

[FILED DECEMBER 17, 1889.]

1. **Malicious Prosecution.** Upon a trial for malicious prosecution the jury found in favor of the plaintiff in the action. The evidence is examined and found sufficient to sustain the verdict, by which the jury found that the criminal prosecution had been instituted maliciously and without probable cause.

2. ———: PROBABLE CAUSE: INSTRUCTIONS. An instruction was asked by defendant in the suit and refused by the court, which was as follows: "Probable cause means a state of facts that would lead a man of ordinary prudence and discretion to entertain an honest belief in the guilt of the accused. If you shall find that the defendant, at the time of filing the complaint against plaintiff, believed, and had reasonable ground for their belief, that plaintiff, knowing that defendant Adams was not indebted to him, appropriated to his own use the money he had been charged with embezzling, then you will find for defendants:" *Held*, Properly refused: the first subdivision as having been given in substance in another instruction, and the second because it omitted the elements of fraud.

ERROR to the district court for Douglas county. Tried below before HOPEWELL, J.

*J. T. Moriarty*, for plaintiffs in error, cited: 1 Parsons, Contracts (6th Ed.), 70; Mechem, Agency, secs. 204, 207;

Story, Agency, secs. 474–5; *Buckeley v. Ketellas,* 6 N. Y., 348; *Howard v. Day,* 61 Id., 368; *Grant v. Moore,* 29 Cal., 653; *Smith v. R. Co.,* 15 Neb., 583–6; *Clark v. Gell,* 17 Id., 286; *Aultman v. Reams,* 9 Id., 490; *Ross v. Langworthy,* 11 Id., 492; 2 Greenl., Ev., sec. 454; Cooley, Torts, 182; Abbott, Trial Brief, sec. 20.

*Breckenridge & Breckenridge, contra.*

REESE, CH. J.

This is a proceeding in error to the district court of Douglas county. The action in that court was instituted by defendant in error for damages growing out of an alleged malicious prosecution by plaintiff in error on a charge of embezzlement, instituted in the police court in the city of Omaha. It was alleged in the petition that said prosecution was malicious, without probable cause, and in pursuance of a conspiracy entered into between plaintiffs in error for the purpose of injuring defendant in error, and getting him out of a business in which he was engaged in connection with plaintiff in error Adams, in order that plaintiff in error Tucker might be substituted in his stead; that he was arrested and deprived of his liberty, and upon final trial discharged, and the prosecution ended; that by such prosecution he had been damaged in the sum of $1,000. The answer was a general denial. A jury trial was had, which resulted in a verdict in favor of defendant in error for the sum of $72.08. A motion for a new trial was filed, alleging the following grounds therefor:

"First—The verdict is not sustained by sufficient evidence.

"Second—The verdict is contrary to law and the instructions of the court.

"Third—The court erred in refusing to give paragraphs four, six, and eight of instructions asked by defendant."

This motion was overruled, and judgment entered on the

verdict, and for the purpose of a review the case is brought to this court by plaintiffs in error by proceedings in error, alleging substantially the same assignments of error in the petition as in the motion for a new trial. So far as the first and second assignments are concerned, they may be disposed of by but a brief reference to the evidence, which we have examined with as much care as the time at our disposal would permit. It is conceded, on the part of the plaintiffs in error, that they caused the arrest of defendant in error on the charge of embezzling $8, alleged to be the property of plaintiff Adams; that Adams drew the complaint and warrant, and that Tucker made oath to the complaint; that on the trial before the police judge the defendant in error was discharged. Defendant in error admits that he collected the eight dollars and did not turn it over to Adams or Tucker, but claims that he had the right to and did apply it on salary claimed by him to be due from Adams.

From the evidence submitted to the trial jury it appears that defendant in error and plaintiff Adams were engaged in business together in the city of Omaha, the contract between them being, in effect, that defendant in error should have charge of the business, managing all of its concerns, collecting and disbursing its moneys, and for his services in that behalf was to receive a salary of $40 per month, and in addition thereto a percentage of the profits of the business. So far as the eastern correspondence was concerned, the business was conducted in Adams' name, and he maintained an oversight over the books and financial interests of the business. It appears that some little dissatisfaction arose when it was decided by Adams to terminate the contract with defendant in error and substitute, in his stead, his co-plaintiff in error, Tucker. Tucker, to some extent, took charge of the business and conducted it for awhile, in connection with defendant in error, and finally, on the 6th day of July, defendant in error removed

his effects from the place of business, and substantially left it in charge of Tucker. Plaintiff in error Adams then learned that the eight dollars referred to in the complaint as having been embezzled had been collected by defendant in error, went to the place where the business was being carried on, saw plaintiff in error Tucker, made some inquiry about it, and learned that the money had been collected, and that defendant in error had not paid it over to Tucker, and without seeing defendant in error upon the subject of the said collection, he immediately procured his arrest upon the charge of embezzlement. Without undertaking to discuss the evidence submitted to the jury, it must be sufficient to say that in any view of the case the action of plaintiff in error, causing the arrest, was precipitate and bears the impress of having been for the purpose of enforcing the immediate payment of the eight dollars without reference to whether it had been properly withheld or not.

There was some evidence tending to show that after the arrest of defendant in error, which had occurred at the usual place of business where he had been engaged in connection with plaintiff in error, that he, with the policeman making the arrest, immediately went to the office of plaintiff in error Adams, and demanded an explanation, when he was informed that if he would pay the money which it was alleged he had collected, plaintiff in error Adams would do what he could to relieve him from the prosecution.

For the purpose of reviewing the verdict of the jury and the judgment, it must be conceded that there was at least some evidence submitted that defendant in error believed that Mr. Adams was indebted to him and that he credited the money received upon such indebtedness; that his last month's wages had not been paid and that he had the right to so pay it. The contract entered into between the parties during the preceding March was introduced in

evidence, but its length would preclude its being copied into this opinion. It is enough to say, however, that it provided for the carrying on of the business, its continuance for two years, and the payment of the salary as above indicated. There was some evidence tending to prove that certain papers were signed at the suggestion of plaintiff in error during the detention of defendant in error, but just what they were does not fully appear, as they were not introduced in evidence. Upon the whole case we are satisfied that the jury was warranted in concluding that the prosecution was more for the purpose of enforcing the payment of the money claimed than the vindication of the criminal law of the state.

Plaintiff in error asked the court to give to the jury the following instruction, which was refused, and to which they excepted:

"Probable cause means a state of facts that would lead a man of ordinary prudence and discretion to entertain an honest belief in the guilt of the accused.

"If you shall find that the defendants, at the time of filing the complaint against the plaintiff, believed and had reasonable ground for their belief, that plaintiff, knowing that defendant Adams was not indebted to him, appropriated to his own use the money he was charged with embezzling, then you will find for defendants."

The first subdivision of this instruction was substantially given by the court on its own motion, in the fifth instruction given, which was, if there be any difference, more favorable for plaintiffs than that asked by them, and was quite sufficient for this part of the case. This was as follows:

"Reasonable or probable cause, within the meaning of the law, may be defined as a reasonable amount of suspicion, supported by circumstances sufficiently strong in themselves, to warrant a cautious man in believing that the accused is guilty. But mere suspicion alone is not sufficient."

The latter subdivision of the instruction requested was properly refused for the reason that it omitted the intent to defraud, which is of the essence of embezzlement. There was no error in this action of the court.

We find no error in the case calling for reversal of the judgment. It is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.