WALTER S. TUCKER ET AL. V. EDWARD H. CANNON.

[FILED JULY 1, 1891.]

1. **Instructions.** Where instructions requested by a party have been previously given in substance by the court on its own motion, it is not error to refuse to give the instructions so requested.

2. ———. Instructions requested must be applicable to the testimony and state the law correctly in order to predicate error upon the refusal to give the same.

REHEARING of case reported 28 Neb., 196.

*J. T. Moriarty,* for plaintiffs in error.

*Breckenridge & Breckenridge, contra.*

MAXWELL, J.

The defendant in error brought an action against the plaintiffs in error for malicious prosecution, it being alleged that Tucker filed a complaint charging the defendant in error with a felony, viz., embezzlement, while Adams conspired with Tucker to institute the prosecution.

The answer is a general denial. On the trial of the cause the jury returned a verdict for $72.08.

The errors complained of in this court are:

First—That the verdict is not sustained by sufficient evidence and is contrary to law.

Second—Errors of the court in refusing to give certain instructions.

In regard to the first objection it is sufficient to say that there was sufficient evidence to submit to the jury, and to sustain the verdict. The evidence, therefore, need not be reviewed at length.

The instructions given are as follows:

"First—This action is brought for the recovery of damages charged to have been occasioned to plaintiff, by his arrest and imprisonment, on a charge and complaint made against him by the defendants, for the crime of embezzlement.

"Second—The petition alleges that such arrest, prosecution, and imprisonment were without probable cause, and were malicious, and that upon examination upon such charge and complaint before the police judge of the city of Omaha he was discharged.

"Third—The testimony and admissions of the parties show that the defendant Isaac Adams drew the complaint and warrant, and that the complaint was sworn to by the defendant Tucker against the plaintiff substantially as alleged by him, and that, upon examination therefor, he was discharged by the police judge. The discharge of itself, however, does not establish malice on the part of the defendants, and is not sufficient to entitle the plaintiff to recover.

"Fourth—In order that the plaintiff should recover in this action, it is necessary that he should establish by a fair preponderance of all the evidence, (1st) that there was no probable cause for making the complaint and causing his arrest on the charge of embezzlement, and (2d) that the

defendants in causing his arrest on said charge, acted maliciously.   To sustain an action for malicious prosecution, the facts proven ought to be such as to satisfy any unprejudiced, reasonable mind, that the defendants had no reasonable ground for the prosecution, and were actuated only by a desire to injure the plaintiff.

"Fifth—Reasonable or probable cause, within the meaning of the law, may be defined as a reasonable amount of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing that the accused is guilty; but mere suspicion alone is not sufficient.

"Sixth—Malice, in law, means an act done wrongfully and willfully, without reasonable or probable cause, and not necessarily an act done from ill-feeling or spite, or a desire to injure another.   It is enough if defendant be actuated by improper or sinister motives.

"Seventh—In law, the want of probable cause does not, of itself, show malice, but the jury is at liberty to infer malice therefrom, as a conclusion of fact, if, from all the evidence in the case, they deem such an inference justifiable.

"Eighth—If you should find for the plaintiff you should allow him for damages, all expenses shown by the evidence to have been incurred necessarily in his defense—for his loss of time, earnings in his business, if any, and for the disgrace and mental suffering caused by the arrest and imprisonment; but you are not permitted to allow exemplary or punitive damages, that is, to give damages merely to punish defendants for what they may have done, and you cannot allow damages in a greater sum than the amount claimed, $1,000.

"Ninth—If you should find for the defendants, your verdict should simply be in general terms, for the defendants."

The following instructions were given at the request of the plaintiff below:

"First—You are instructed that it is not essential that both defendants should have signed the complaint, upon

which was issued the warrant for the plaintiff's arrest, but if they were both instrumental in causing the arrest, they may both be held liable, providing you find the arrest was made maliciously and without probable cause.     *     *     *

"Second—If you find that the purpose of the arrest was anything else than to vindicate the law and punish crime, then you may infer that the defendants had a malicious motive in causing same."     *     *     *

The following instructions were asked by the defend-- ants below and given:

"To maintain an action for malicious prosecution it is necessary for the plaintiff to establish by a fair preponderance of evidence, that there was no probable cause for making the complaint and causing the arrest, and that defendant in so doing acted maliciously.  The jury are instructed as a matter of law that an agent is guilty of embezzlement if, without the consent of his employer, and intending to defraud his employer, he converts to his own use money which has come into his possession by virtue of his employment.  If, therefore, you shall find from a preponderance of the evidence, that the plaintiff, at the time of his arrest, had appropriated to his own use, with a fraudulent intent, the money which he was charged with embezzling, you will find for the defendants.

"The jury are instructed that the mere fact that the plaintiff was arrested for embezzlement and discharged by the court is not evidence of either want of probable cause or malice, but that both want of probable cause and malice must be shown by other testimony.  The court instructs the jury that to establish embezzlement by an agent, it is not necessary to show that the principal made a demand of the agent for the money embezzled."

This case was before this court in 1889, and the judgment of the court below affirmed. (*Tucker v. Cannon*, 28 Neb., 196.) In that case the opinion was written by Chief Justice REESE, and the above instructions sustained as

a correct statement of the law. No particular error has been pointed out, and we adhere to our former decision.

The plaintiffs in error contend that the court erred in refusing to give the following instructions asked for by them:

"The jury are instructed that a person whose money has been embezzled has a legal right to the money thus wrongfully appropriated, and the fact that the defendant Adams offered to settle with plaintiff after the plaintiff's arrest, does not show that said defendant did not believe plaintiff guilty of embezzlement. The burden of proof is upon the plaintiff to establish want of probable cause and malice, and both of these must concur. No degree of malice, that may be established, will show want of probable cause, nor does want of probable cause necessarily show malice. Probable cause means a state of facts that would lead a man of ordinary prudence and discretion to entertain an honest belief in the guilt of the accused.

"If you shall find that the defendants, at the time of filing the complaint against the plaintiff, believed, and had reasonable ground for their belief, that plaintiff, knowing that defendant Adams was not indebted to him, appropriated to his own use the money which he was charged with embezzling, then you will find for defendants."

In the former opinion Judge REESE pointed out the objection to one of these instructions, and held that it was properly refused because it omitted the intent to defraud, which is of the essence of embezzlement.

The other instructions asked, so far as they were applicable to the testimony, had previously been given by the court. There is no error, therefore, in refusing to give the instructions asked.

After a very careful reconsideration of the case, the former judgment is evidently right and is adhered to.

JUDGMENT ACCORDINGLY.

THE other judges concur.