TOMS v. JUDGE OF RECORDER'S COURT OF DETROIT.

1. CRIMINAL LAW—DETERMINATION OF PROBABLE CAUSE A JUDICIAL FUNCTION.

The determination whether an offense has been committed, and whether there is probable cause to suspect the person charged to have been guilty thereof is a judicial function, and cannot be performed by a ministerial officer.

2. SAME—SIGNING OF COMPLAINT AND WARRANT BY CLERK MINISTERIAL ACT—STATUTES.

The signing of a complaint and warrant by a deputy clerk of the recorder's court of Detroit in pursuance of section 14, Act No. 344, Pub. Acts 1925, is a ministerial act, and may be done when ordered by the court after determination of probable cause, etc., has been had.

3. SAME—OMISSION BY JUDGE TO SIGN AN ORDER DETERMINING PROBABLE CAUSE DOES NOT ENTITLE ACCUSED TO DISCHARGE.

That a judge of the recorder's court of Detroit omitted to sign an order determining that there was just cause to suspect that accused had committed an offense, upon which the deputy clerk signed a complaint and warrant, in pursuance of section 14, Act No. 344, Pub. Acts 1925, does

[1]Criminal Law, 16 C. J. §§ 516, 517; [2]Id., 16 C. J. § 547 (Anno); [3]Id., 16 C. J. § 599 (Anno).

not entitle accused to a discharge, since, if said order was made, it may now be signed *nunc pro tunc* as of the date made.

4. COURTS—PURPOSE OF NUNC PRO TUNC ORDER.

The purpose of signing an order by the court *nunc pro tunc* as of the date made, is to perfect a record of judicial action taken, and not to supply now some judicial action omitted.

5. MANDAMUS—WILL ISSUE TO VACATE ORDER BASED ON OMISSION TO SIGN ORDER, IF LATTER SIGNED NUNC PRO TUNC.

In mandamus proceedings to compel a judge of the recorder's court of Detroit to vacate an order dismissing a complaint and warrant in a criminal case, where it appears that said order was made because the order upon which the complaint and warrant were issued was not signed by the judge, the writ will issue, if necessary, upon production of proof that said order has been signed, *nunc pro tunc* as of the date made.

Mandamus by Robert M. Toms, prosecuting attorney of Wayne county, to compel Edward J. Jeffries, judge of the recorder's court of Detroit, to vacate an order dismissing a complaint and warrant in a criminal case. Submitted January 25, 1927. (Calendar No. 32,850.) Writ granted conditionally February 4, 1927.

*Robert M. Toms*, Prosecuting Attorney, and *Seward F. Nichols*, Assistant Prosecuting Attorney, for plaintiff.

*Cecil L. Rowlette*, for defendant.

SHARPE, C. J. Section 14 of Act No. 344, Pub. Acts 1925, reads as follows:

"Any clerk, or deputy clerk of any municipal court of record in any city of the State may, in his own name as clerk or deputy clerk of such court, in any cause cognizable by such court and only when authorized by the court or any judge thereof by an order

---

⁴Courts, 15 C. J. § 386; ⁵Mandamus, 38 C. J. § 166 (Anno).

duly entered in said particular cause, administer to
complainants the oath required thereof, attest the ad-
ministering of said oath on any such complaint, sign
and issue warrants based on any such complaints and
administer oaths and take and accept sureties upon
recognizances in any' case where the penal amount
thereof shall have been fixed by the court or any judge
thereof upon the arraignment of any person upon a
warrant or information."

In what is known as "the short book," kept by one
of the deputy clerks of the recorder's court of the
city of Detroit, appears the following:

"THE RECORDER'S COURT FOR THE CITY OF DETROIT
    MONDAY, THE 28TH DAY OF JUNE, 1926.

Present:   HON. C. E. STEIN.

\*         \*         \*

14568 Betty Washington.   Accosting.

(A number of other numbers, names and charges
appear therein.)

"Upon complaint made this day before Hon. Christo-
pher Stein, a judge of the recorder's court of the city
of Detroit, in each of the foregoing cases, that the
several offenses therein charged have been committed
within said city.

"It is now ordered by the court that Ralph E. Quinn,
a deputy clerk of said court, administer to each com-
plainant and to any witnesses produced by him the
oath required by law in such cases.   And thereupon
the court examines the complainant in each of said
cases, and the witnesses produced by him, and the
complaint being reduced to writing, and subscribed by
the complainant, and it appearing that said offenses
have been committed, and that there is just cause to
suspect the respective persons therein accused to have
been guilty thereof;

"It is therefore ordered by the court that a warrant
forthwith issue out of and under the seal of said
court, in each of said foregoing cases based upon said
complaints, and said Ralph E. Quinn, deputy clerk,
is hereby authorized and directed to subscribe each
of said warrants, in his own name as such deputy
clerk."

This order was not signed by Judge Stein. Pursuant thereto, the deputy clerk administered the oath to the complaining witnesses, and as such deputy clerk signed a warrant for the arrest of Betty Washington on a charge of accosting, etc., in violation of the provisions of Act No. 231, Pub. Acts 1925. On trial on such charge before Judge Skillman, she was convicted. She claimed, and was granted, a new trial as a matter of right. At the opening of such trial before the defendant, her counsel moved to dismiss the proceeding, for the reason, among others, that the complaint was taken and the warrant issued by the deputy clerk, as before stated. Judge Jeffries was of the opinion that in the taking of the complaint and in the issuing of the warrant the deputy clerk was exercising judicial power, and that within the rule laid down in *People* v. *Colleton,* 59 Mich. 573, his act in doing so was unwarranted, and entered an order discharging the accused. The prosecuting attorney here asks mandamus to compel the judge to vacate and set aside this order, and to proceed with the trial of said cause.

The order of Judge Stein states that he examined the complainant and the witnesses produced by him, and that it appeared that the offense charged had been committed, and that there was just cause to suspect the person charged to have been guilty thereof. Having made this finding, we see no reason why the statute might not authorize the clerk to administer the formal oath and sign the warrant of arrest. The recorder's court is a court of record. The determination whether an offense has been committed, and whether there is probable cause to suspect the person charged to have been guilty thereof, is a judicial function, and cannot be performed by a ministerial officer. The signing of the complaint and warrant provided for in the statute is ministerial, and may be done by the clerk

when ordered by the court after such determination has been had.

In the record before us, the order does not seem to have been signed, nor to have been entered in the court journal which is daily signed by the judge.   This omission does not entitle the accused to a discharge. If the order was pronounced at the time it was made, it may now be signed *nunc pro tunc* as of that date. The purpose of doing so "is to perfect a record of judicial action taken and not to supply now some judicial action omitted."   *Freeman* v. *Wayne Probate Judge,* 230 Mich. 455, 460.

The writ may issue, if need be, conditional, however, on the prosecuting attorney's producing evidence to the defendant that said order has been signed *nunc pro tunc* as of the date when it was made.   No costs are allowed.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.