*In ré* CURTIS.

1. CRIMINAL LAW—JURY TRIAL—WAIVER.

Under 3 Comp. Laws 1929, § 17132, when defendant in criminal case waives his right to trial by jury and elects to be tried by judge, any judge of court in which cause is pending has jurisdiction to proceed with trial and determine guilt or innocence in like manner as if trial was had before jury, but before sentence can be imposed there must be conviction of guilt.

2. SAME—COURTS—ENTRY OF NUNC PRO TUNC ORDER.

If determination of guilty was pronounced at time defendant was sentenced, but clerk through inadvertence omitted to make record thereof, entry of order *nunc pro tunc* cured defect and validated sentence imposed.

*Habeas corpus* proceedings by Franklyn Richard Curtis, with accompanying certiorari to Henry S. Sweeny, successor to Charles Bowles, judge of recorder's court of Detroit, to obtain release from branch of State prison at Marquette. Submitted July 11, 1933. (Calendar No. 35,871.) Writs dismissed October 2, 1933.

*Veno E. Sacre,* for plaintiff.

SHARPE, J. Pursuant to an application made therefor, this court, on June 3, 1931, ordered a writ of *habeas corpus* to issue to inquire into the cause of the detention of the petitioner in the branch of the State prison at Marquette. On June 3, 1931, an ancillary writ of certiorari was allowed to bring up the proceedings in the recorder's court in Detroit relating to the trial and sentence of petitioner. Re-

turns to both writs have been made and the cause submitted on motion at the present term of this court.

The certified copies of the records disclose that the petitioner was arraigned in the recorder's court on February 28, 1929, before Judge Charles Bowles on a charge of robbery while armed with a dangerous weapon, and pleaded not guilty. On March 9, 1929, he signed a formal waiver of a trial by jury. The evidence was then submitted to Judge Bowles and taken under advisement by him.

On March 21st the following entry appears in the court journal:

"The People of the State of Michigan
        "v.                                "87836
    "Franklyn Richard Curtis.
                        "Heretofore convicted of
                        robbery being armed.

"The above-named defendant being in open court for sentence and having been heard in response to the statutory questions propounded to him is sentenced by the court he being now of the age of 29 years to be committed to the branch State prison at Marquette in the county of Marquette and therein confined for the remainder of his life. Warrant and commitment papers issued."

The mittimus delivered to the warden of the prison, certified to by the clerk of the court, stated that defendant was—

"convicted of having on the 12th day of February, A. D. 1929, committed the crime of robbery armed at the city of Detroit, county of Wayne, Michigan."

The records of the court do not contain a finding of guilt on the part of the judge other than as above stated. However, after the allowance of the writ,

the people moved for the entry of an order *nunc pro tunc* adjudging the defendant to be guilty of the offense charged, and such an order was entered on July 7, 1933, as of March 21, 1929.

Counsel for the petitioner contends that the sentence imposed without a finding of guilt was void and the order entered *nunc pro tunc* was without authority of law.

Under 3 Comp. Laws 1929, § 17132, when a defendant in a criminal case waives his right to a trial by jury and elects to be tried by the judge, any judge of the court in which the cause is pending has jurisdiction to proceed with the trial and to determine his guilt or innocence in like manner as if trial was had before a jury. Before sentence can be imposed there must be a conviction of guilt. The proceedings in the court at the time of sentence do not appear to have been taken by a stenographer. While the clerk made no record adjudging the defendant to be guilty, the statement in the entry imposing sentence that the defendant had been "heretofore convicted of robbery being armed," and the statement in the mittimus clearly indicate that the judge at that time announced that he found the defendant guilty of the offense with which he was charged. If a determination of guilty was pronounced at the time of sentence, and there is no contention on the part of petitioner's counsel that it was not, and the clerk through inadvertence omitted to make a record thereof, the entry of the order *nunc pro tunc* cured this defect and validated the sentence imposed.

In *Freeman v. Wayne Probate Judge,* 230 Mich. 455, 460, it was said:

"The order asked is not of action now taken to be dated back, but to perfect of record action here-

tofore judicially had. If the order was pronounced by Judge Command—and that it was does not seem to be questioned—but record evidence thereof omitted through inadvertence or mistake, then entry of the order may be made now of what was in fact done then, for such an order is to perfect a record of judicial action taken and not to supply now some judicial action omitted."

See, also, *Toms* v. *Judge of Recorder's Court,* 237 Mich. 413, and *Curtis* v. *Curtis,* 250 Mich. 105.

The writs are dismissed.

McDonald, C. J., and Potter, North, Fead, Wiest, and Butzel, JJ., concurred. Clark, J., took no part in this decision.