STATE OF DELAWARE V. RUTH E. DAVEY, alias Ruth McElroy.

(*June* 24, 1952.)

TERRY, J., sitting.

*Louis J. Finger*, Deputy Attorney-General, for the State.

*David B. Coxe, Jr.*, for the defendant.

Superior Court for New Castle County, No. 46, ▮▮▮▮ March Term, 1952.

---

¹All references to the Constitution relate only to the Constitution of the State of Delaware.

**Terry, J.:**

The first objection relates to the character of the task pertaining to the determination of "probable cause" upon which the search warrant was issued; that is, is the finding of "probable cause" a judicial or a ministerial function?

The question can only be determined, it seems to me, in the light of certain provisions appearing in our Constitution, together with the enactment of Paragraph 5343-DD, Section 65, House Bill 300, Session of 1951, Volume 48, Laws of Delaware, which is an amendment to Chapter 155, *Revised Code* 1935.

The pertinent constitutional provisions are as follows:

Article 4, Section 1 of the Constitution, as amended, Chapter 261, Volume 47 *Laws of Delaware*: "The judicial power of this State shall be vested in a Supreme Court, a Superior Court, a Court of Chancery, an Orphans' Court, a Register's Court, Justices of the Peace, and such other Courts as the General Assembly, with the concurrence of two-thirds of all the Members elected to each House, shall have by law established prior to the time this amended Article IV of this Constitution becomes effective or shall from time to time by law establish after such time."

Article 1, Section 6: "The people shall be secure in their persons, houses, papers and possessions, from unreasonable searches and seizures; and no warrant to search any place, or to seize any person or thing, shall issue without

describing them as particularly as may be; nor then, unless there be probable cause supported by oath or affirmation." House Bill 300, Session of 1951, Volume 48, *supra.*

"Warrant to Search House or Place; When and How Issued; Complaint: How Complaint Executed; Form of Complaint; How Warrant Described; Form of Warrant; How Warrant Returnable; When May Be Executed at Night. Any Judge of the Court of Oyer and Terminer, Court of General Sessions, the Court of Common Pleas, the Municipal Court of the City of Wilmington, or the Clerk of any of the foregoing courts, or any Justice of the Peace, or any Magistrate authorized to issue warrants in criminal cases may, within the limits of their respective territorial jurisdictions, issue a warrant to search any house or place for each or any of the following: * * *"

"Probable cause" as employed under Article 1, Section 6 of our Constitution means a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious person to believe that the person accused is guilty of the offense with which he is charged. Absolute certainty is not implied, nor does the term mean positive or actual cause. The determination is concerned only with whether or not the affiant has reasonable grounds for a belief, and not with the question as to whether the offense charged has been committed, or whether the accused is guilty or innocent. If the apparent facts set out in the affidavit for a search warrant are such that a reasonably discreet and prudent person would be led to believe that there was a commission of the offense charged, there is "probable cause" justifying the issuance of a search warrant. 47 *Am. Jur.* (S. & S.) *Par.* 22; *Lane v. Pennsylvania R. Co.,* 78 *N. J. L.* 672, 76 *A.* 1016; *Tucker v. Cannon,* 28 *Neb.* 196, 44 *N. W.* 440; *Mitchell v. Wall,* 111 *Mass.* 492; *U. S. v. Lotempio, D. C.,* 58 *F.* 2d 358; *Firer v. Lowery,* 59 *Mo. App.* 92; *Driggs v. Burton,* 44 *Vt.* 124; 34 *Words & Phrases,* p. 27. Thus, it seems that a determination of "probable cause", as embodied under Article 1, Section 6 of the Constitution, becomes a mixed question of law and fact, and, as the question of law is dependent

upon the existence of facts, "probable cause" may not be inferred without a determination that sufficient facts are stated from which it may arise.

Having suggested the meaning to be applied to the term "probable cause" as embraced within the provisions of Article 1, Section 6 of the Constitution, I reach the question as to whether or not the power and authority to determine the same may be delegated by the Legislature to a ministerial officer such as the Clerk of the Court of Common Pleas for New Castle County in the light of the provisions of Article 4, Section 1 of the Constitution, *supra*. In other words, is the task in determining "probable cause" a judicial or a ministerial function?

The determination as to whether there exists "probable cause", predicated upon the averments in the affidavit, to suspect the person charged with having committed an offense is clearly a judicial function, and cannot, under the provisions of Article 4, Section 1 of the Constitution, be delegated to the Clerk of the Court of Common Pleas for New Castle County, an administrative officer, to be by him performed. *State v. Tunnell*, 302 *Mo.* 433, 259 *S. W.* 128; *Toms v. Judge of Recorder's Court*, 237 Mich. 413, 212 N. W. 69; *Cox v. Perkins*, 151 *Ga.* 632, 107 *S. E.* 863, 16 *A. L. R.* 918; *Ex parte Levy*, 204 *Ark.* 657, 163 *S. W.* 2d 529; *State v. Van Brocklin* (Dissenting Opinion), 194 *Wis.* 441, 217 *N. W.* 277. To the contrary see *State v. Van Brocklin* (Majority Opinion), *supra*.

It has been generally said that Courts and Officers, commendable as are their efforts to bring the guilty to punishment, may not be aided by the sacrifice of people's rights, nor may those rights be frittered away because expedient. If Courts and public officials charged with law enforcement violate the law of the land in their zeal to convict, it follows that the people who look to their knowledge and integrity cannot be expected to respect the law.

The enactment set forth in Paragraph 5343-DD, Section 65, being House Bill 300, Session of 1951 and amending Chapter

155 of the *Revised Code of* 1935, contravenes Article 4, Section 1 of the Constitution insofar as it attempts to delegate to the Clerk of the Court of Common Pleas for New Castle County the judicial power and authority required under the Constitution to issue a search warrant and is, therefore, unconstitutional in this respect.

The Clerk of the Court of Common Pleas not having power and authority to issue a search warrant, the defendant's second objection, relating to the want of "probable cause" concerning the averments in the affidavit, becomes moot.

The prayers as indicated in the defendant's petition are granted. An order will be signed accordingly.