PEOPLE *v.* PARKER.

1. CRIMINAL LAW—NONJURY CASE—WITNESSES—CREDIBILITY.
   Appellate court will not substitute its judgment for that of the trial judge, who saw and heard the witnesses in a nonjury criminal case, and who is in a far better position to determine their credibility, where there was evidence to support the finding of guilt beyond a reasonable doubt.

2. SAME—NONJURY TRIAL—WRITTEN OPINION OF COURT—DEFENDANT'S RIGHT TO BE PRESENT.
   Filing of written opinion finding defendant guilty by trial judge who tried case without a jury, *held,* not to deprive the defendant of his right to be present throughout every step of the proceedings, since the defendant was not denied his right to poll the jury, and he was informed in open court in the presence of counsel that he had been found guilty before sentence was passed.

3. SAME—EVIDENCE—ADMISSIBILITY—REVOLVER.
   Admission into evidence of a revolver, alleged to have been used by defendant in assault with intent to commit murder, *held,* not error, where there was evidence which, if believed by the trier of fact, showed that revolver had been in defendant's possession immediately subsequent to the assault, and that it fired one of the bullets found on the scene of the assault after the shooting (CL 1948, § 750.83).

4. SAME—EVIDENCE—ADMISSIBILITY—MOTIVE.
   Testimony as to motive is material in a criminal case, and in a case tried to the court without a jury it is for the trial judge to determine how much weight should be given to such testimony.

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Appeal and Error §§ 839–845.
[2]  21 Am Jur 2d, Criminal Law § 288 *et seq.*
[3]  29 Am Jur 2d, Evidence § 623.
[4]  29 Am Jur 2d, Evidence §§ 363, 364.
[5]  29 Am Jur 2d, Evidence § 360.

5. SAME—EVIDENCE—MOTIVE—THREATS.

> Testimony about threats made by defendant, charged with assault
> with intent to commit murder, against his mother-in-law and
> father-in-law, some 8 or 9 months prior to the assault, which
> showed that defendant had complained bitterly about the inter-
> ference of his in-laws with his marriage, and "that one of
> these days he was going to go out there and do away with
> both of them", *held*, admissible as bearing on defendant's
> motive, with its weight to be determined by the trial judge in
> a case tried to the court without a jury (CL 1948, § 750.83).

Appeal from Van Buren; Anderson (David, Jr.), J. Submitted Division 3 April 5, 1967, at Grand Rapids. (Docket No. 2,345.) Decided November 28, 1967. Rehearing denied January 9, 1968.

Charles A. Parker was convicted of assault with intent to commit murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Donald M. Goodwillie, Jr.,* Prosecuting Attorney for the people.

*Richard M. Brewer,* for defendant.

R. M. RYAN, J.   At 3:30 a.m. on February 14, 1965, several shots were fired into the bedroom where the parents-in-law of the defendant were sleeping.   Subsequently, defendant was charged with assault with intent to commit murder under CL 1948, § 750.83 (Stat Ann 1962 Rev § 28.278), and he was tried without a jury in the circuit court for Van Buren county. At the conclusion of the proofs counsel for both parties waived argument, and the court announced that it would consider the matter submitted and that its decision would be forthcoming within the week.   Thereafter the court's written opinion finding the defendant guilty was filed with the county

clerk, and defendant was notified while he was in
the county jail that he was found guilty of assault
with intent to murder.  Subsequently, defendant
was sentenced to a term of from 5 to 20 years in the
State prison.  Defendant thereafter filed a motion
for a new trial which was heard and denied by the
trial court and this appeal seeks to review such
denial.  Defendant has raised four questions on
this appeal, the first being that the great weight
of the evidence cannot support the finding of guilt
beyond all reasonable doubt.

Defendant relied upon an alibi as his defense at
trial and in support of his position he produced
six witnesses.  In its opinion the court explicitly
found that "the evidence of alibi neither convinces
the court of defendant's innocence nor raises any
reasonable doubt as to his guilt."  In *People* v.
*Szymanski* (1948), 321 Mich 248, 254, the Supreme
Court of Michigan held that:

"The trial judge saw and heard the witnesses
and he was in a far better position than is this
Court to determine their credibility.  There was
evidence to support the finding that defendant was
guilty beyond a reasonable doubt.  Such being the
case, this Court may not set aside the verdict on
the ground that the evidence was not sufficient to
sustain it.  *People* v. *Eger* (1941), 299 Mich 49;
*People* v. *Chesbro* (1942), 300 Mich 720."

An examination of the record in this matter dis-
closes that there was substantial and credible evi-
dence which if believed would support a finding of
guilt beyond a reasonable doubt.  This Court will
not substitute its judgment for that of the trial
judge.  *People* v. *Martino* (1944), 308 Mich 381.

Defendant contends that the failure of the court
to render its judgment in his presence in open
court deprived him of his right to be present

throughout every step of the proceedings. We find no merit in this contention. Since this matter was tried to the court sitting without a jury, defendant was not denied his right to poll the jury. The opinion of the court was duly filed with the county clerk, and before sentence was passed the trial judge stated to defendant in open court and in the presence of counsel that he had been found guilty. Having been thus informed of his conviction defendant's rights were fully protected. See *In re Curtis* (1933), 264 Mich 431.

Defendant assigns as error the admission into evidence of a revolver on the ground that it was not properly identified as belonging to him or having been in his possession. A review of the testimony in this case discloses that there was evidence which, if believed by the trier of fact, disclosed that the revolver had been in defendant's possession, immediately subsequent to the assault, and that this gun did fire one of the bullets found on the scene after the shooting. Certainly there was sufficient testimony introduced as to the identification of the gun in question to admit the same in evidence, and consequently, admission of the revolver into evidence was not error.

Finally, defendant urges that testimony regarding certain allegedly threatening statements made by him several months prior to the date of the assault should have been excluded because the testimony concerning the alleged threats was vague, inconclusive, prejudiced and inflammatory. Defendant also contends that the witnesses as to the threats testified about conversations that took place eight or nine months prior to the shooting and therefore such testimony is objectionable because it is too remote. In this case defendant had complained bitterly about the interference of his in-laws with his marriage. His estranged wife was living with

her parents when the shots were fired into their home. Mrs. Betty Deaux testified that defendant had visited her home in June or July, 1964. She testified as to a conversation with defendant as follows:

"*Q.* Would you relate to the court as nearly as you can your recollection of this conversation?

"*A.* I don't remember too much of what he said, but it was something to the effect that he was pretty fed up with the interference from his in-laws, and that one of these days he was going to go out there and do away with both of them."

Mr. Deaux, the husband of Betty Deaux, also testified that defendant told him he was having trouble with his in-laws; that after the parties talked a great deal about other matters, "he [defendant] said if they didn't stop meddling in his affairs —something to the effect that some one of these days he would have to go out there and clean the place out."

It was for the trial judge to determine how much weight should be given to this testimony. Certainly testimony as to motive is material in a criminal case. There is nothing in the court's opinion to indicate the trial judge placed undue significance upon this testimony.

After a thorough review of the record on appeal, we cannot say that the evidence in the present case does not sustain beyond a reasonable doubt the trial court's finding of guilty.

Affirmed.

BURNS, P. J., and HOLBROOK, J. concurred.