Nannie F. CAULK et al., Petitioners,

v.

The MUNICIPAL COURT FOR the CITY OF WILMINGTON, and the Hon. Thomas Herlihy, Jr., Chief Judge of said court, Respondents.

Supreme Court of Delaware.

June 5, 1968.

William E. Taylor, Jr., and Jacob Kreshtool, Wilmington, for petitioners.

Brian P. Murphy, Asst. City Solicitor, Wilmington, for respondents.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is a Petition for a Writ of Prohibition seeking to end the prosecution of the petitioners in the Municipal Court of Wilmington on charges of willful trespass in violation of 11 Del.C., § 871.

■ The petitioners were engaged in a sit-in protest in the office of Joseph Miller, a realtor. They were arrested on warrants supported by the sworn complaint of Miller, issued by the Clerk of the Municipal Court pursuant to 10 Del.C., § 1724(2), which authorizes the Clerk to issue warrants upon complaints in writing under oath. Subsequent to the issuance of the warrants and the arrests of the petitioners, an information signed by the Deputy Attorney General was filed, charging the petitioners with the same offense.[1]

In the Municipal Court the petitioners moved to quash the warrants on the ground that 10 Del.C. § 1724(2) was unconstitutional in that it purports to authorize a nonjudicial officer to perform a judicial function, i. e., the finding of probable cause for the issuance of a warrant of arrest. The motions to quash were denied. This petition followed.

Petitioners ask us to hold that 10 Del.C., § 1724(2) is unconstitutional as applied to them; that the warrants of arrest are consequently void; that the Municipal Court lacks jurisdiction over them for the offenses charged by the warrants, and that that Court be prohibited from trying them under the warrants.

■ There is no doubt but that a warrant of arrest may be issued only upon a showing under oath of probable cause. Both Article I, § 6 of the Delaware Constitution, Del.C.Ann. and the Fourth Amendment of the Federal Constitution so require. The warrants of arrest under which the petitioners were arrested could have been issued, therefore, only upon a showing, under oath, of probable cause and a finding to that effect.

■ It is clear now, if it was not heretofore, that the finding of probable cause sufficient to support the issuance of a warrant of arrest is a judicial act required to be made by a neutral and detached judicial officer. Such an officer is required to judge for himself the persuasiveness of the facts relied on to show probable cause. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436; Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503; State of Minnesota v. Paulick, 277 Minn. 140, 151 N.W.2d 591.

1. Petitioners make the point that the information was not signed when first filed. We think it immaterial, however, for the information is now, at least, properly signed.

The issue raised by the petition, therefore, turns on the answer to the question of whether or not the Clerk of the Municipal Court is a neutral and detached judicial officer in the sense of being able to perform the judicial act of making a finding of probable cause.

 In State v. Davey, 8 Terry 221, 89 A.2d 871, it was held that 11 Del.C., § 2304 insofar as it authorized the Clerks of the Superior Court, the Courts of Common Pleas, and the Municipal Court, to issue search warrants upon a showing of probable cause was unconstitutional as an improper delegation of a judicial function to a nonjudicial official. We can see no difference between the requirement of showing probable cause for the issuance of a search warrant and the same requirement for the issuance of a warrant of arrest.

The *Davey* case is a decision of the Superior Court and thus not binding on us. Nevertheless, we think it correctly expresses the law and, accordingly, approve it. The result follows that the warrants under which the petitioners were arrested are void and the Municipal Court has acquired no jurisdiction over their persons.[2]

However, we point out that there is now filed in the Municipal Court an information charging the petitioners with the same offense for which they were illegally arrested. This information gives the Municipal Court jurisdiction over the subject matter of the particular offense. 5 Am. Jur.2d, Arrest, § 116. Prosecution of the offense may therefore proceed if new, valid warrants of arrest in accordance with proper standards are issued, and the petitioners brought before the Municipal Court by means of lawful arrests.

Under the circumstances, we will not direct the issuance of a Writ of Prohibition at this time. However, if it is sought to go forward with the prosecution without the issuance of valid warrants of arrest, a Writ of Prohibition will issue in accordance with the prayers of the petition.

---

2. Because of the practical necessities of the enforcement of the criminal laws during periods when no judicial officer is immediately available, we suggest to the General Assembly that it consider the enactment of legislation to confer upon proper officials limited powers to issue warrants similar to that conferred upon U. S. Commissioners.