PEOPLE v. GLENN

PEOPLE v. HOLLINGSWORTH

PEOPLE v. POWELL

1. CRIMINAL LAW—EVIDENCE—WEAPONS.
    A weapon used in the furtherance of a criminal act is admissible as substantive evidence of guilt.

2. CRIMINAL LAW—EVIDENCE—INSTRUMENT—DEVICE.
    Any instrument or device used in the commission of a crime, if properly identified and connected with the accused, may be received in evidence and exhibited to the jury.

3. KIDNAPPING—RAPE—WEAPONS—EVIDENCE.
    A pistol, after it was identified by a complainant as the one used by a defendant, became admissible to show that force, essential to the crimes of kidnapping and rape, was used by defendants (MCLA §§ 750.349, 750.520).

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted Division 1 December 3, 1969, at Detroit. (Docket Nos. 6,498, 6,501, 6,636.) Decided December 8, 1969.

Dennis Glenn, Robert Hollingsworth, and Clarence Powell were convicted of kidnapping and forcible rape. Defendants appeal. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 288.
[2] 29 Am Jur 2d, Evidence §§ 5, 249, 251.
[3] 29 Am Jur 2d, Evidence §§ 821, 827.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Dingell, Hylton & Zemmol (Samuel C. Gardner,* of counsel), for defendant Dennis Glenn on appeal.

*George C. Parzen,* for defendant Robert Hollingsworth on appeal.

*Lloyd S. Paley,* for defendant Clarence Powell on appeal.

Before: R. B. BURNS, P. J., and HOLBROOK and V. J. BRENNAN, JJ.

PER CURIAM. Robert Hollingsworth, Dennis Glenn and Clarence Powell were jointly tried by a jury and convicted of kidnapping[1] and forcible rape.[2] We affirm the convictions.

According to the complainant's testimony, the complainant was forced into an automobile at gunpoint, raped by Hollingsworth and Powell, and then released in the company of Glenn, who walked with her briefly. When asked if he was about to kill the complainant, Glenn took out the pistol used earlier, pointed out the smallness of the hole in the barrel, and informed the complainant that it was not a "real" pistol but a "BB" gun. He then handed it to the complainant for her inspection. At the trial, Hollingsworth, testifying on his own behalf, denied on cross-examination that he owned a pistol on either August 9, 1967, the day the rape allegedly

---

[1] MCLA § 750.349 (Stat Ann 1954 Rev § 28.581).
[2] MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).

occurred, or August 14, 1967. The significance of the latter date was not immediately explained. The prosecution then called officer Konopka of the Detroit police department, who testified over the vigorous objection of the defense that he found a pistol on Hollingsworth when Hollingsworth and Powell were arrested on August 14. A pistol was admitted into evidence after officer Konopka identified it as the one found on Hollingsworth. Recalled to the stand, the complainant identified the pistol as the one carried by Glenn.

The defendants contend that the court erred by failing to instruct the jury that the pistol and the officer's testimony could be considered only so far as they affected Hollingsworth's credibility, and not as substantive evidence of guilt. Implicit in their argument is the assumption that this evidence was offered solely to discredit Hollingsworth. The pistol and the officer's testimony were not offered solely for this purpose however. A weapon used in the furtherance of a criminal act is admissible as substantive evidence of guilt. *People* v. *Kotek* (1943), 306 Mich 408; *People* v. *Parker* (1967), 8 Mich App 414. The rule is stated in 1 Gillespie, Michigan Criminal Law and Procedure (2d ed), at p 572:

"Any instrument or device used in the commission of a crime, if properly identified and connected with the accused, may be received in evidence and exhibited to the jury."

Once it was identified by the complainant, the pistol became admissible to show that force, essential to the crimes of kidnapping and rape, was used by the defendants, and to link Hollingsworth to the crimes in question. The officer's testimony afforded the necessary link between the pistol and Hollingsworth and was also properly admitted. We find no error.

Affirmed.