PEOPLE v THOMAS JONES

1. TRIAL—INQUIRY—ARGUMENT—DISCRETION.

   A trial court has broad discretion in exercising its judgment whether a particular line of inquiry or argument is to be allowed before the jury.

2. APPEAL AND ERROR—PRESERVING QUESTION—BELATED OBJECTION—PROSECUTOR'S QUESTIONING.

   Defense counsel should object promptly to allegedly improper questioning of a witness by the prosecutor; an objection to a prosecutor's line of questioning which is raised long after the questions have been brought before the jury does not save any alleged error for appellate review.

3. WITNESSES—CRIMINAL LAW—EVIDENCE—CROSS-EXAMINATION OF DEFENDANT—MATTERS RAISED ON DIRECT EXAMINATION.

   A prosecutor may cross-examine a defendant and defense witnesses on those matters which were raised on direct examination.

4. CRIMINAL LAW—APPEAL AND ERROR—CONFESSIONS—VOLUNTARINESS—EXAMINATION OF RECORD.

   The Court of Appeals in reviewing a trial judge's determination that a defendant's confession was voluntarily made is concerned only with the correctness of that determination; the Court of Appeals is to examine the whole record and make an independent determination of voluntariness and if after such a review there is not a definite and firm conviction that a mistake was made by the trial judge in his ruling, that ruling will be affirmed.

5. CRIMINAL LAW—INSTRUCTIONS TO JURY—AIDING AND ABETTING—PROSECUTION'S THEORY—SUPPORTING EVIDENCE.

   An instruction to a jury on an aiding and abetting charge where the prosecution's theory was that the defendant committed the

REFERENCES FOR POINTS IN HEADNOTES
[1] 75 Am Jur 2d, Trial § 30.
[2] 5 Am Jur 2d, Appeal and Error § 670.
[3] 81 Am Jur 2d, Witnesses § 629.
[4] 5 Am Jur 2d, Appeal and Error § 856.
[5] 75 Am Jur 2d, Trial § 724.

crime alone is proper where there is evidence on the record to support the charge.

Appeal from Wayne, Blair Moody, Jr., J. Submitted October 13, 1976, at Detroit. (Docket No. 24557.) Decided November 26, 1976.

Thomas A. Jones was convicted of armed robbery. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Maura D. Corrigan,* Assistant Prosecuting Attorney, for the people.

*Anthony C. Lutostanski,* for defendant.

Before: D. E. HOLBROOK, JR., P. J., and N. J. KAUFMAN and D. C. RILEY, JJ.

PER CURIAM. Appealing his conviction and sentence for armed robbery, MCLA 750.529; MSA 28.797, defendant is here insisting that this Court is required to reverse his conviction and remand for a new trial because of four purported errors in the proceedings below.

Briefly summarized, the claimed errors are: (1) the prosecutor was improperly allowed to cross-examine the defendant and other defense witnesses regarding the unemployment and poverty of the defendant at the time of the alleged offense; (2) the failure of the trial judge to determine the defendant's confession involuntary; (3) the aiding and abetting charge should not have been read to the jury because, as defendant claims, the prosecution's theory was that the defendant committed the crime alone; and (4) the prosecutor's improper

questioning of a defense witness regarding a prior bad act which did not result in conviction. We will discuss these contentions *seriatim.*

Argument one, just stated, is premised principally upon the Michigan Supreme Court disposition of a similar question in *People v Johnson,* 393 Mich 488; 227 NW2d 523 (1975), and would be determinative if we were to countenance a strained interpretation of *Johnson* which states that the mere asking of *any* question by the prosecutor, regardless of the justification, concerning defendant's unemployment or poverty requires reversal. It is clear that this interpretation of *Johnson* is erroneous.

The basic fallacy of defendant's contention is demonstrated by the following language of Justice Williams in *Johnson,* at 499:

"That is not to say, however, that the trial court does not have considerable discretion in ruling on the relevance and materiality of argument coming before it. Clearly, the trial court has broad discretion in exercising its judgment whether a particular line of inquiry or argument is to be allowed before the jury. * * * Yet there is an obvious limit to the exercise of such discretion in cases of abuse." (Footnote omitted.) (Citation omitted.)

It is plain, therefore, that the Supreme Court did not set forth a per se reversal rule. Instead, the question before us for decision is this: Whether the court below abused its discretion in allowing this line of questioning.

In reaching our decision, we are mindful of the extreme prejudice that can be engendered by irrelevant questions relating to a defendant's poverty or unemployment. The onus cannot be placed on the defendant to disprove the inference which

might arise from irrelevant and highly prejudicial testimony on this subject, that being: a defendant is guilty solely because he is poor. To hold, however, that it was error to allow the questioning of the prosecutor in the instance here under review would clearly be a misapplication of *Johnson.*

First, this Court must again note the failure of defense counsel to object promptly to this line of questioning. It is exceedingly difficult for a trial judge to exercise his discretion when the matter is not brought to his attention. A belated objection, long after these matters had repeatedly been bandied about before the jury, hardly suffices to save any alleged error for appellate review. When the untimely objection was tendered, the trial judge found the inquiries arguably relevant. Under the facts and circumstances presented herein we will not disturb this ruling.

Secondly, the prosecutor, on his part, invokes the established rule in Michigan courts that the prosecutor may question witnesses on those matters which were raised on direct examination. *People v Roger Johnson,* 382 Mich 632; 172 NW2d 369 (1969). Again, we agree. The prosecutor "merely followed through on a subject raised during direct examination" of both the defendant and defense witnesses. *People v Kincade,* 61 Mich App 498, 507; 233 NW2d 54 (1975). Thus, we find no error here.

Nor are we inclined to predicate reversal on defendant's second contention. The Supreme Court in *People v McGillen #1,* 392 Mich 251, 257; 220 NW2d 677 (1974), set forth with extreme clarity the standard of review we are to employ when examining a trial judge's determination that a confession was voluntarily made:

"As this Court stated in *People v Robinson,* 386 Mich

551, 557; 194 NW2d 709 (1972), 'the sole purpose of the *Walker* hearing is to determine the fact of voluntariness and a reviewing court is concerned only with the correctness of that determination. * * * "On this appeal we are required to 'examine the whole record and make an independent determination of the ultimate issue of voluntariness.' " '

"If after such a review we do not possess a definite and firm conviction that a mistake was committed by the trial judge in his ruling, we will affirm that ruling. *People v Hummel,* 19 Mich App 266; 172 NW2d 550 (1969)."

Applying this firmly settled principle, we think it clear that the argument set forward by defendant is without merit. Because it is, we will attempt no labored argument here. We will content ourselves with the statement that we agree with the trial judge's finding.

With reference to the third charged error, we find evidence on the record to support the charge. See *People v Mann,* 395 Mich 472; 236 NW2d 509 (1975), *People v Triplett,* 68 Mich App 531; 243 NW2d 665 (1976).

As to the last claim, we see nothing wrong with the questioning. At any rate, even if we were inclined to find the question improper, the asserted error is of such a trivial nature that we would hardly ground reversal upon it.

Affirmed.