PEOPLE v OSBORNE

Criminal Law—Prosecutors—Prosecutor's Arguments and Conduct—Evidence of Other Crimes—Improper Inferences—Poverty—Witnesses—Impeachment.

A prosecutor's arguments and conduct deprived a defendant of a fair trial where (1) he intimated that the defendant had committed other crimes and there was no factual basis or evidence introduced to substantiate such claims, and (2) he continually belittled the defendant and some of his witnesses because they were unemployed and receiving public assistance in an attempt to impeach their credibility by inferring that if a person is unemployed that person cannot be believed.

Appeal from Wayne, Thomas Roumell, J. Submitted April 11, 1977, at Detroit. (Docket No. 26606.) Decided May 16, 1977. Leave to appeal applied for.

Charlie Osborne was convicted of arson. Defendant appeals. Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training & Appeals, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

*Joseph P. Zanglin,* for defendant.

References for Points in Headnote
63 Am Jur 2d, Prosecuting Attorney § 27.
81 Am Jur 2d, Witnesses §§ 520, 523–526, 563.
Credibility of witness giving uncontradicted testimony as matter for court or jury. 62 ALR2d 1191.

Before: R. B. BURNS, P. J., and T. M. BURNS and D. C. RILEY, JJ.

R. B. BURNS, P. J. Defendant was convicted of arson. MCLA 750.72; MSA 28.267. He appeals and we reverse.

A fire occurred at the defendant's residence at approximately 3:05 a.m. At the time of the fire the home was empty as the defendant and his family had left to visit a relative in Kentucky.

Defendant and his daughter testified that they left for Kentucky between 11 and 11:30 p.m. and arrived in Kentucky between 9 and 10 a.m. the next morning.

Witnesses for the prosecution testified that they saw the defendant at home after 11:30 p.m. One witness testified that he saw the defendant walking through his backyard carrying a gasoline can about 10 minutes before the fire.

The people also presented three witnesses who testified that in their opinion the fire had a gasoline origin due to the presence of gasoline vapors in the debris of the home.

Defendant claims the conduct and arguments of the prosecutor were inflammatory and prejudicial so as to deprive him of a fair trial. In *People v Brocato,* 17 Mich App 277, 290; 169 NW2d 483, 489 (1969), Judge GILLIS quoted from *State v Tolson,* 248 Iowa 733; 82 NW2d 105 (1957), which quote is applicable in this case:

" 'It is sometimes said that error "crept" into the trial of a lawsuit. Not so in the case at bar. It marched in like an army, with banners, and trumpets. It was escorted, and emphasized, and aggravated by the attorney for the State.' "

Defendant claims the prosecutor by his questions intimated that the defendant has committed other crimes. We agree. On cross-examination the prosecutor asked defendant if he had intimidated David Wright (a witness for the prosecution) since the trial began. There was no evidence introduced to substantiate such a question. While there was an objection and the objection was upheld, the question should not have been asked in the first place.

The prosecutor also intimated by questions that the defendant had attempted to break into a warehouse. Again, there was no factual basis for such a question.

Throughout the trial the prosecutor continually inferred that the defendant was attempting to defraud an insurance company on a workmen's compensation claim.

The prosecutor continually belittled the defendant and some of his witnesses because they were unemployed and receiving public assistance. He claims the questions were asked to test credibility, inferring that if a person is unemployed the person cannot be believed.

Although there was not any objection to the prosecutor's closing argument, his scare tactics concerning the close proximity of other houses and small children cannot be condoned.

*People v Brocato, supra,* concerned prejudicial and inflammatory tactics by a prosecutor and we reaffirm the principle.

While any statement made by the defendant to witness Cooper was admissible, the physical activities of the defendant were not relevant to the issue and could only be used to infer that the defendant was trying to defraud the insurance company.

The balance of errors claimed by the defendant

concerned jury instructions. As the case will be remanded for a new trial and the Michigan Criminal Jury Instructions have now been released we do not think it necessary to discuss the claimed errors.

Reversed and remanded for a new trial.