PEOPLE v LaFORTE

CRIMINAL LAW—PROSECUTORS—PROSECUTORS' COMMENTS—EXTRANE-
OUS MATTERS—PREJUDICE.

A prosecutor's repeated emphasis on the poverty and lack of employment of the defendants in a number of criminal trials injects prejudicial and extraneous matters into the trials and justifies reversal of a defendant's conviction whether or not defense counsel objects to the prosecutor's conduct.

Appeal from Wayne, Blair Moody, Jr., J. Submitted April 12, 1977, at Detroit. (Docket No. 25025.) Decided May 16, 1977. Leave to appeal applied for.

Raymond M. LaForte, Jr., was convicted of breaking and entering with intent to commit larceny. Defendant appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training & Appeals, and *Robert E. Edick,* Assistant Prosecuting Attorney, for the people.

*Lawrence B. MacDonald,* for defendant on appeal.

Before: R. B. Burns, P. J., and T. M. BURNS and D. C. RILEY, JJ.

REFERENCES FOR POINTS IN HEADNOTE
63 Am Jur 2d, Prosecuting Attorneys § 27.
75 Am Jur 2d, Trial §§ 293–295.
Counsel's reference in criminal case to wealth, poverty, or financial status of defendant or victim as ground for mistrial, new trial, or reversal. 36 ALR3d 839.

D. C. RILEY, J. A jury convicted defendant of breaking and entering a building with intent to commit larceny. MCLA 750.110; MSA 28.305. He appeals and we reverse.

This case is but a variation on tired themes orchestrated many times before by the instant trial prosecutor. Once again the prosecutor has devoted lengthy portions of his cross-examination and summation to areas only marginally relevant but clearly prejudicial. Specifically, the prosecutor elicited from defendant and a defense witness a dollar-by-dollar account of their expenditures prior to the alleged crime, and stressed defendant's poverty and lack of employment as a means of supplying a motive. Furthermore, the prosecutor by none-too-subtle questioning brought out defendant's extramarital sexual dalliances ostensively to show defendant's lack of credibility.

During defendant's cross-examination defense counsel objected but once to the foregoing line of questioning. The objection, awkwardly phrased, was overruled. After the prosecutor's summation, defendant's attorney requested a mistrial based in part on the prosecutor's repeated emphasis of defendant's unemployment. The trial court, although acknowledging that he had earlier instructed the prosecutor to "dampen" the interrogation on the question of poverty, nonetheless refused to order a mistrial.

In *People v Thomas Jones,* 73 Mich App 107, 109–110; 251 NW2d 264 (1976), a case prosecuted by this same prosecutor, we observed:

"[W]e are mindful of the extreme prejudice that can be engendered by irrelevant questions relating to a defendant's poverty or unemployment. The onus cannot be placed on the defendant to disprove the inference which might arise from irrelevant and highly prejudi-

cial testimony on this subject, that being: a defendant is guilty solely because he is poor."

This Court held, however, that defendant Jones's failure to register a prompt objection to the questioning precluded our review under the largely unstated circumstances of that case.

Since *Jones,* many convicted defendants, tried by the instant attorney for the state, have appeared before this Court successfully alleging an identical form of prosecutorial misconduct. See, *e.g., People v Ronald Green,* 74 Mich App 601; 254 NW2d 788 (1977), and *People v Osborn,* 75 Mich App 600; 256 NW2d 45 (1977). See also *People v Hammond,* 394 Mich 627; 232 NW2d 174 (1975).

After reading these cases, we are convinced that the prosecutor's recurrent forays into prejudicial areas have been deliberate. They reflect a studied attempt to show that persons in dire financial straits are predisposed to break the law.

The prosecutor should be reminded, however, that there is no law against poverty, and that our system of justice will not countenance a *modus operandi* which effectively enacts such a law.

While the rule applied in *Jones, supra,* may retain vitality with respect to other prosecutors, it can have no application to the instant prosecutor as long as he persists in interlarding trials with extraneous, prejudicial matters. We doubt that a timely objection and a curative instruction would have erased the errors. Whatever the metaphor, the damage was irreparable: the bell could not have been unrung; the ink stain could not have been eradicated; the stench could not have been ignored.

Defendant is entitled to a new, and fair, trial.

Reversed and remanded.