PEOPLE v RONALD GREEN (ON REMAND)

APPEAL AND ERROR—CRIMINAL LAW—EVIDENCE—CHARACTER OF EVI-
DENCE—PROSECUTORIAL MISCONDUCT.

A statement by the Court of Appeals regarding "the relative dearth of direct evidence implicating defendant" in a case wherein a defendant's conviction of first-degree murder was reversed was intended by the Court as a comment on the circumstantial character of the evidence, not as a reflection on the sufficiency of the evidence or on the guilt or innocence of the defendant; the conviction was reversed because of extensive prosecutorial misconduct which the Court declined to label as harmless beyond a reasonable doubt under the circumstances of the case.

Appeal from Wayne, Blair Moody, Jr., J. Submitted January 6, 1977, at Detroit. (Docket No. 25662.) Decided March 31, 1977. Opinion on remand issued October 18, 1977.

Ronald D. Green was convicted of first-degree murder. Defendant appealed. Reversed and remanded, 74 Mich App 601 (1977). The people applied to the Supreme Court for leave to appeal. The Supreme Court, in considering the application for leave to appeal, remanded to the Court of Appeals for amplification of its prior opinion, 401 Mich 802 (1977). Opinion amplified.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training & Appeals, and *Timothy A.*

REFERENCE FOR POINTS IN HEADNOTE
75 Am Jur 2d, Trial § 95.

*Baughman,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant.

Before: Allen, P. J., and D. E. Holbrook and D. C. Riley, JJ.

## On Remand

D. C. Riley, J. In considering plaintiff's application for leave to appeal, the Supreme Court, 401 Mich 802 (1977), has asked us to amplify a point discussed by the majority opinion in *People v Ronald Green,* 74 Mich App 601; 254 NW2d 788 (1977). There, we stated:

> "Given the lengthy jury deliberations and *the relative dearth of direct evidence implicating defendant,* we are unable to say that the frequent instances of prosecutorial misconduct which occurred below were harmless beyond a reasonable doubt." 74 Mich App at 604. (Emphasis added.)

Citing the italicized phrase, the Supreme Court wishes to know "whether the Court of Appeals reviewed the quantum of evidence in finding that the error was not harmless or whether the Court of Appeals, in so ruling, merely relied upon the character of the evidence presented, that is, circumstantial vis-a-vis direct".

We begin our answer by noting the firmly established principle that appellate courts are not triers of fact. Thus the majority opinion in no way should be read as a reflection on the sufficiency of the evidence or on the guilt or innocence of Ronald Green. Rather, the italicized language was intended as a comment on the circumstantial character of the evidence, which, taken together with

the length of the jury's deliberations, raised in our minds the reasonable possibility that at least one juror might have voted to acquit defendant had the trial been free of prosecutorial misconduct.

We harbored this suspicion precisely because the prosecutor may have " 'divert[ed] the jury from its duty to decide the case on the evidence, by injecting issues broader than the guilt or innocence of the accused under the controlling law' ". *People v Farrar,* 36 Mich App 294, 299; 193 NW2d 363 (1971), quoting ABA Project on Standards for Criminal Justice, the Prosecution Function, Std 5.8(d). Hence, we declined to label the error harmless beyond a reasonable doubt. *People v Christensen,* 64 Mich App 23, 33; 235 NW2d 50 (1975).

This elaboration, we trust, will aid the Supreme Court in its consideration of plaintiff's application for leave to appeal. But whether or not leave is granted in the instant case, the Court should note that the propriety of prosecutorial questions relating to a defendant's financial status is a recurrent issue that demands definitive resolution. See, *People v Thomas Jones,* 73 Mich App 107; 251 NW2d 264 (1976), *People v Baldwin,* 74 Mich App 700; 254 NW2d 619 (1977), *People v LaForte,* 75 Mich App 582; 256 NW2d 44 (1977), *People v Osborne,* 75 Mich App 600; 256 NW2d 45 (1977), *People v Jackson,* 77 Mich App 392; 258 NW2d 89 (1977).

Judge HOLBROOK not participating because of his dissent heretofore filed.