# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

HAROLD TODD JOHNSON,

       Defendant-Appellant.

UNPUBLISHED
May 21, 2015

No. 320412
Wayne Circuit Court
LC No. 13-008354-FH

Before: MURPHY, P.J., and STEPHENS and GADOLA, JJ.

PER CURIAM.

Defendant was convicted by a jury of being a felon in possession of a firearm (felon-in-possession), MCL 750.224f, carrying a concealed weapon (CCW), MCL 750.227, and possession of a firearm during the commission of a felony (felony-firearm), second offense, MCL 750.227b. The trial court sentenced defendant as a third habitual offender, MCL 769.11, to concurrent terms of 1 to 10 years' imprisonment for the felon-in-possession and CCW convictions, to be served consecutively to a term of 5 years' imprisonment for the felony-firearm conviction. The trial court also ordered defendant to pay $300 in court costs. Defendant appeals as of right. We affirm defendant's convictions, but remand for a determination of the factual basis underlying the imposed court costs.

## I. FACTS

While on patrol in Detroit, Officer Charles Lynem and his partner, Officer Adnan Balija, observed defendant and another man standing in the street near a blue Chevrolet Malibu. As the officers approached in their vehicle, defendant walked toward the trunk of the Malibu. Lynem saw defendant reach under his shirt and remove a black handgun from his waistband. Lynem said that defendant then kneeled behind the Malibu for a few seconds, and when he stood up, his hands were empty. Lynem apprehended defendant and recovered a handgun from the ground underneath the Malibu near where defendant had kneeled. Lynem asked defendant if he had a license for the gun, and defendant replied, "What gun. No[,] I don't have a license for a gun." At trial, the parties stipulated that defendant was previously convicted of a felony and that his right to possess a gun was not yet restored. The jury convicted defendant of all counts charged.

-1-

## II. DISCUSSION
### A.  IMPEACHMENT EVIDENCE

Defendant first argues that the trial court erred by admitting testimony regarding whether one of defendant's witnesses, Brittany Purvis, was present during his preliminary examination. While we agree that this evidence should not have been admitted, defendant is not entitled to relief because the evidence caused him no prejudice.

Defendant did not object to the admission of the challenged testimony, so his contention of error is unpreserved.  *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001). Because the issue is unpreserved, our review is limited to plain error affecting defendant's substantial rights.  *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).  To be entitled to relief, "three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights."  *Id*. at 763. Further, "[r]eversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence."  *Id*. (citation and quotation marks omitted) (alteration in original).

At defendant's preliminary examination, the trial court ordered all potential witnesses to exit the courtroom while others were testifying, and stated that anyone who violated the order would be barred from testifying at trial.  On cross-examination at trial, the prosecutor asked Purvis if she was present in the courtroom during the preliminary examination, and Purvis denied that she was.  After Purvis testified, the prosecutor recalled Lynem as a rebuttal witness.  Lynem testified that, to the best of his recollection, Purvis was seated in the courtroom during defendant's preliminary examination.

Defendant argues that it was error to question Purvis regarding her presence at the preliminary examination and then to present Lynem as a rebuttal witness to impeach Purvis's testimony.  "[A] denial cannot be elicited on cross-examination simply to facilitate the admission of new evidence . . . ."  *People v Figgures*, 451 Mich 390, 401; 547 NW2d 673 (1996).  Here, the prosecutor elicited a denial from Purvis, and then used the denial as the basis to admit conflicting testimony from Lynem.  This strategy was improper.  *Id*.

Further, the prosecutor's presentation of Lynem as a rebuttal witness was itself improper. Extrinsic evidence may not be admitted to impeach a witness on a collateral matter.  *People v LeBlanc*, 465 Mich 575, 590; 640 NW2d 246 (2002); see also MRE 608(b).  There are three categories of evidence that this Court has recognized are not collateral matters: (1) "facts directly relevant to the substantive issues in the case," (2) "facts showing bias, interest, conviction of crime and want of capacity or opportunity for knowledge," and (3) "any part of the witness's account of the background and circumstances of a material transaction which as a matter of human experience he would not have been mistaken about if his story were true."  *People v Guy*, 121 Mich App 592, 605; 329 NW2d 435 (1982).  Whether Purvis was present at defendant's preliminary examination falls into none of these categories.  Accordingly, when Purvis denied being in the courtroom, the prosecutor was bound by her answer and should not have presented contradictory evidence through Lynem.  *LeBlanc*, 465 Mich at 590.

-2-

Nonetheless, defendant cannot demonstrate prejudice stemming from this error. Purvis's overall testimony was of little consequence. Although Purvis testified that she observed defendant's arrest, she did not explain the placement of the gun under the Malibu. Purvis's credibility was also undercut by her admission that she was defendant's fiancée and the mother of his children. Further, the evidence of defendant's guilt was overwhelming. Lynem testified that he saw defendant remove a handgun from his waistband, and Balija saw defendant reach for his waist. Both officers testified that they saw defendant kneeling next to the Malibu in the same area where they found a handgun, and both said that no one else was in the vicinity at the time. On this record, defendant cannot show that an acquittal was likely absent the error discussed. As such, reversal is not warranted. *Carines*, 460 Mich at 763.

## B. PROSECUTORIAL ERROR

Defendant next argues that several instances of prosecutorial error denied him a fair trial. We disagree. Because defendant did not object to the alleged improper acts at trial, his contentions of error are unpreserved. *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003). Accordingly, we review defendant's claims for plain error affecting substantial rights. *Id*. "Further, we cannot find error requiring reversal where a curative instruction could have alleviated any prejudicial effect." *Id*. at 329-330.

When evaluating claims of prosecutorial error, the primary test is whether the prosecutor's conduct denied the defendant a fair trial. *People v Watson*, 245 Mich App 572, 594; 629 NW2d 411 (2001). In evaluating such claims, we consider the prosecutor's statements and conduct in context. *Callon*, 256 Mich App at 330. Whether a prosecutor's remarks amount to error depends upon the specific circumstances of each case. *Id*.

Defendant first claims that the prosecutor's questioning of several witnesses was improper. When the prosecutor cross-examined defense witness Christopher Fasitelli, the following exchange occurred:

> *Q*. You said this is a drug neighborhood?
>
> *A*. It's a drug block.
>
> *Q*. Are you a dealer?
>
> *A*. No.
>
> [*Defense Counsel*]: Objection.
>
> *The Court*: And what would be the relevance of that?
>
> [*Defense Counsel*]: Thank you.

Defendant argues that this exchange was improper because the prosecutor lacked a factual basis for asking Fasitelli if he was a drug dealer. Defendant also claims that the prosecutor improperly questioned Purvis. The prosecutor asked Purvis if she spoke with defendant the night before she testified, and Purvis denied that she had. The prosecutor also asked Purvis if she had been convicted of a crime involving theft or dishonesty in the previous 10 years, and Purvis denied

that she had. Defendant argues that these questions were improper because the prosecutor lacked a factual basis to ask them.

A defendant may be deprived of a fair trial if a prosecutor implies through questioning that certain facts exist when there is no factual basis supporting the questions. See *People v Osborne*, 75 Mich App 600, 602; 256 NW2d 45 (1977). However, this Court is precluded from finding error requiring reversal in this case because a curative instruction could have alleviated any prejudicial effect. *Callon*, 256 Mich App at 329-330. Had defendant requested, the trial court could have instructed the jury that it "should not think that something is true just because one of the lawyers asks questions that assume or suggest that it is." M Crim JI 2.7. Nor can defendant demonstrate prejudice from the prosecutor's questions. Fasitelli denied that he was a drug dealer. Purvis answered in the negative to both questions. Before discharging the jury, the trial court instructed the jury to decide the case on the basis of evidence admitted at trial, and then explained that only the answers to questions, not the lawyers' questions, were evidence. "Jurors are presumed to follow their instructions, and instructions are presumed to cure most errors." *People v Abraham*, 256 Mich App 265, 279; 662 NW2d 836 (2003).

The remainder of defendant's assertions of prosecutorial error stem from the prosecutor's comments during closing argument. Defendant argues that the prosecutor improperly vouched for the credibility of the officers who testified, and that she made factual assertions that were not supported by the evidence. Once again, relief is precluded because defendant did not seek curative instructions with regard to any of these statements, which could have alleviated any prejudicial affect. *Callon*, 256 Mich App at 329-330. Moreover, even assuming the comments were improper, defendant cannot demonstrate prejudice. The trial court instructed the jury that it alone was responsible for determining the credibility of witnesses, not to judge the testimony of police officers any differently than that of any other witnesses, and that "[t]he lawyers' statements and arguments and any commentary are not evidence." We presume the jury followed these instructions. *Abraham*, 256 Mich App at 279.

Defendant claims that the prosecutor also misrepresented evidence. The prosecutor argued that the jury should not believe that the gun was left behind by someone other than defendant because the gun was expensive. The prosecutor also stated that there was no gun on the ground before defendant bent down. Defendant argues these factual assertions were improper because there was no evidence admitted at trial regarding the gun's value or whether the gun was on the ground before defendant kneeled down. "Although a prosecutor may not make a statement of fact to the jury that is unsupported by the evidence, he or she is free to argue the evidence and all reasonable inferences arising from it as they relate to the prosecution's theory of the case." *People v Schumacher*, 276 Mich App 165, 178-179; 740 NW2d 534 (2007) (citations omitted). The make and model of the gun as well as the fact that the gun was equipped with a flashlight and laser were admitted at trial. The prosecutor could reasonably infer that the gun was valuable based on this evidence. The prosecutor's argument that there was no gun on the ground before defendant kneeled down was similarly based on a reasonable inference that could be drawn from the testimony presented at trial. Lynem testified that he observed defendant pull a gun from his waistband while bending down behind the Malibu. Lynem explained that when defendant stood up, he no longer had a gun in his hands, and no one else was around that location at the time. The prosecutor could reasonably infer from this testimony that the only gun recovered at the location just behind the Malibu was placed there by defendant, and was not

resting on the ground before defendant kneeled down. Therefore, the prosecutor's statements were proper.

Finally, defendant claims that during closing argument, the prosecutor improperly relied on testimony that was stricken by the trial court. Earlier at trial, when asked by the jury whether he walked away from the Malibu, Fasitelli provided a lengthy answer, explaining that he did not walk away at all, that "cops were trying to do some stuff," and that he "recently had just beat a case because some cops tried to pin a gun on [him] and we caught them in cross-examination." The trial court struck this testimony as unresponsive. While the prosecutor began to reference Fasitelli's stricken testimony, defense counsel's objection prevented her from doing so. The prosecutor asked the jury to consider whether Fasitelli was biased against police officers, but she did not make a statement of fact concerning the stricken testimony. Accordingly, defendant has not demonstrated error. See *Schumacher*, 276 Mich App at 178-179.

## C. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant next argues that trial counsel's failure to preserve the errors discussed above denied him the effective assistance of counsel. We disagree. "A claim of ineffective assistance of counsel presents a mixed question of law and fact." *People v Brown*, 294 Mich App 377, 387; 811 NW2d 531 (2011). We review a court's factual findings for clear error and review constitutional issues arising from an ineffective assistance claim de novo. *Id*. However, because defendant did not move for a new trial or a *Ginther*[1] hearing, our review is limited to errors apparent on the record. *People v Armendarez*, 188 Mich App 61, 73-74; 468 NW2d 893 (1991).

The United States and Michigan Constitutions guarantee criminal defendants the right to the effective assistance of counsel. *People v Swain*, 288 Mich App 609, 643; 794 NW2d 92 (2010). "Effective assistance of counsel is presumed, and a defendant bears a heavy burden to prove otherwise." *Id*. To be entitled to relief, "a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "To establish prejudice, a criminal defendant . . . must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *People v Reed*, 449 Mich 375, 401; 535 NW2d 496 (1995) (internal citations and quotation marks omitted). A defendant must overcome a strong presumption that counsel's conduct was sound trial strategy. *People v Rodgers*, 248 Mich App 702, 715; 645 NW2d 294 (2001). Decisions regarding the presentation of evidence are presumptively matters of trial strategy. *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999).

Defendant first argues that his trial counsel was ineffective for failing to object to the prosecutor's presentation of evidence regarding whether Purvis was present at defendant's preliminary examination. While this evidence should not have been admitted, defendant cannot show that his counsel's failure to object deprived him of a fair trial or altered the outcome of the proceedings with any reasonable probability. At trial, Purvis testified that she was not in the

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

courtroom during defendant's preliminary examination. The prosecutor then called Lynem as a rebuttal witness, who testified that "[t]o the best of [his] recollection" Purvis was in the courtroom. Lynem's testimony had little value as impeachment evidence because he did not testify unequivocally that Purvis was in the courtroom during the preliminary examination. Moreover, even if the jury relied on Lynem's testimony to conclude that Purvis was being dishonest, Purvis's testimony was of little consequence to the trial. Purvis testified that she saw defendant's arrest, but she did not explain the placement of the gun behind the Malibu. Purvis also admitted that she had a longstanding relationship with defendant and did not want him to get in trouble, which diminished her credibility. Further, as discussed above, overwhelming evidence supported defendant's guilt. Because defendant has not shown that he was prejudiced by his counsel's failure, he is not entitled to relief. *Trakhtenberg*, 493 Mich at 51.

Defendant also claims that his counsel was ineffective for failing to raise the issues of prosecutorial error below. However, even if defense counsel could be faulted for failing to raise any issues of prosecutorial error, as discussed above, defendant cannot demonstrate that a different result was likely absent any errors. Moreover, the trial court's jury instructions alleviated any potential prejudice arising from the prosecutor's questions and commentary. *Trakhtenberg*, 493 Mich at 51. Therefore, defendant is not entitled to relief.

## D. COURT COSTS

Finally, defendant argues that the trial court lacked authority to impose $300 in court costs because the costs were not authorized by the statutes defining the offenses of which he stands convicted. In *People v Cunningham*, 496 Mich 145, 158; 852 NW2d 118 (2014), our Supreme Court held that MCL 769.1k(1)(b)(*ii*), as it existed at that time, did "not provide courts with the independent authority to impose 'any cost.'" The Court determined that former MCL 769.1k(1)(b)(*ii*) allowed courts to "impose only those costs that the Legislature has separately authorized by statute." *Id*. In response to *Cunningham*, our Legislature amended MCL 769.1k. See 2014 PA 352. As amended, MCL 769.1k(1)(b)(*iii*) now allows courts to impose "any cost reasonably related to the actual costs incurred by the trial court."

"This amended version became effective on October 17, 2013, and applies to all fines, costs, and assessments under MCL 769.1k before June 18, 2014, and after the effective date of the amendatory act." *People v Konopka*, ___ Mich App ___, ___; ___ NW2d ___ (2015); slip op at 6. This amendment also "authorizes the imposition of costs independently of the statute for the sentencing offense." *Id*. at ___; slip op at 7. Because defendant was sentenced on January 31, 2014, the amended version of MCL 769.1k applies to his case. *Id*. Although the trial court had authority to impose court costs, remand is necessary to determine "the factual basis for the costs imposed pursuant to MCL 769.1k(1)(b)(*iii*)." *Id*. at ___; slip op at 16.

We affirm defendant's convictions, but remand for a determination of the factual basis for the $300 in court costs. We otherwise affirm defendant's sentences. We do not retain jurisdiction.

/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Michael F. Gadola